Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

APR 29 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | **15 CR 227** |
| vs. | § | CRIMINAL NO. 15cr |
| AMY FISHER | § § § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### False Declarations in Deposition

On or about November 17, 2014, in the Houston Division of the Southern District of Texas,

**AMY FISHER**

having duly taken an oath before Debbie Booth, a certified shorthand reporter for the State of Texas, during a deposition authorized under the Federal Rules of Civil Procedure, which authorizes an oath to be administered, swore or affirmed that she would testify truly, did willfully and knowingly and contrary to said oath state material matter which she did not believe to be true, that is to say that she left her sales office model home located at 3611 Bonnie Bend Lane, Katy, Texas 77494 to escort clients to tour model homes outside the sales office model home on Sunday, November 16, 2014.

At the time and place aforesaid, the United States District Court for the Southern District of Texas was engaged in a trial entitled *David Lipinski, et. al., vs. Meritage Homes Corporation, et. al.*, No. 3:10-CV-605. Meritage Homes Corporation, the defendant therein, was charged with violating the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA") by improperly classifying plaintiffs as "outside salesmen" under the FLSA and for failing to pay minimum wages and overtime compensation. It was a matter material to said trial to determine what work activities Amy Fisher completed outside of her sales office model home.

At the time and place alleged, AMY FISHER, appeared as a deposition witness, and while under oath, testified falsely during the deposition with respect to the aforesaid material matter as follows:

> "Q. All right. So you showed one – you got in your car and took – some customers followed you or your black SUV between 2:00 and 3:00 and then one between 5:00 and 5:30?"
>
> "A. Correct. And then the one –
>
> "Q. The third family –"
>
> "A. The third family was at the very beginning of the day. They were an existing customer I had already been working with, and the plan they wanted wouldn't work on the lot they wanted. So I suggested an alternate plan and took them on-site to show them my recommendation.
>
> "Q. Like about 12:30 or –"
>
> "A. It was the very beginning of the day. So yeah, about 12:30."

The aforesaid underscored testimony of AMY FISHER, as she then and there well knew and

believed, was false in that, on or about November 16, 2014, AMY FISHER did not leave her sales office model home, located at 3611 Bonnie Bend Lane, Katy, Texas 77494, in her car on November 16, 2014 at approximately 12:30 pm, between 2:00 and 3:00 pm, and at approximately 5:00 or 5:30 pm to show potential clients other model homes.

**In violation of Title 18, United States Code, Section 1621.**

## COUNT TWO
### False Declarations Before Court

On or about November 17, 2014, in the Houston Division of the Southern District of Texas,

**AMY FISHER**

while under oath as a witness in a case then being tried before the United States District Court for the Southern District of Texas entitled *David Lipinski, et. al., vs. Meritage Homes Corporation, et. al.*, No. 3:10-CV-605, knowingly did make a false material declaration, that is to say that she left her sales office model home located at 3611 Bonnie Bend Lane, Katy, Texas 77494 to escort clients to tour model homes outside the sales office on three separate occasions on November 16, 2014.

At the time and place aforesaid, the Court and the Jury were engaged in the trial of the aforementioned case wherein Meritage Homes Corporation, the defendant therein, was charged with violating the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA") by mischaracterizing plaintiffs, and all others similarly situated, as "outside salesman" and by failing to pay minimum wages and/or overtime compensation. It was a matter material to to said trial to determine what work activities Amy Fisher completed outside of her sales office.

3

At the time and place alleged, AMY FISHER, while under oath, did knowingly declare before said Court and Jury with respect to the aforesaid material matter as follows:

> *"Q. So you told me that in addition to getting in your car and letting people follow you three times – at 12:30, approximately 2:00 or 3:00, and again at 5:00"*
>
> *"A. Uh-huh."*
>
> *"Q – prior to turning off the lights at 6:15, you left in your car three times, right?"*
>
> *"A. That's correct, yes."*

The aforesaid underscored testimony of AMY FISHER, as she then and there well knew and believed, was false in that, on or about November 16, 2014, AMY FISHER did not leave her sales office model home, located at 3611 Bonnie Bend Lane, Katy, Texas 77494, in her car on November 16, 2014 at approximately 12:30 pm, between 2:00 and 3:00 pm, and at approximately 5:00 or 5:30 pm to show potential clients other model homes.

**In violation of Title 18, United States Code, Sections 1621 and 1623.**

A TRUE BILL

Original Signature on File
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
Julie N. Searle
Assistant United States Attorney

4