## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 15-CR-00227 |
| | § | |
| AMY FISHER | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Julie N. Searle, Assistant United States Attorney, and Defendant, Amy Fisher, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to Count Two of the Indictment.  Count Two charges Defendant with False Declarations Before a Court, in violation of Title 18, United States Code, § 1623.  Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 18, United States Code, § 1623, is a term of imprisonment of not more than five years and a fine of not more than $250,000.00.   Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.  Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if she should violate the conditions of any period

of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   Title 18, United States Code, §§ 3559(a) and 3583(e)(3).   Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas  77208, Attention: Finance.

### Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if she is not a citizen of the United States.   Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Cooperation

5.      The parties understand this Agreement carries the potential for a motion for departure under § 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through

the United States Attorney for the Southern District of Texas.  Should Defendant's cooperation,

in the sole judgment and discretion of the United States, amount to "substantial assistance," the

United States reserves the sole right to file a motion for departure pursuant to § 5K1.1 of the

Sentencing Guidelines.  Defendant further agrees to persist in that plea through sentencing, fully

cooperate with the United States, and not oppose the forfeiture of assets contemplated in this

agreement.  Defendant understands and agrees that the United States will request that sentencing

be deferred until that cooperation is complete.

      6.     Defendant understands and agrees that the usage "fully cooperate," as used

herein, includes providing all information relating to any criminal activity known to Defendant,

including, but not limited to, perjury.  Defendant understands that such information includes both

state and federal offenses arising therefrom.  In that regard:

      (a)     Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

      (b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.  Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

      (c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

      (d)     Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

      (e)     Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

      (f)     Should the recommended departure, if any, not meet Defendant's

expectations, Defendant understands she remains bound by the terms of this Agreement and that she cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal

7.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

8.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce her guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated

4

guideline range.

9.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

10.     The United States agrees to each of the following:

(a)      If Defendant pleads guilty to Count Two of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss Count One of the Indictment at the time of sentencing;

(b)      At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

(c)      If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense.

(d)      The Government agrees that U.S.S.G. §2J1.3(b)(2) does not apply. Section 2J1.3(b)(2) calls for a three level increase in the total offense level if the perjury "resulted in substantial interference with the administration of justice."

## Agreement Binding - Southern District of Texas Only

11.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment.   This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney.  The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(a)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.     Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

**Rights at Trial**

14.     Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on his/her own behalf.

**Factual Basis for Guilty Plea**

15.     Defendant is pleading guilty because she <u>is</u> guilty of the charges contained in Count Two of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

*David Lipnicki, et. al. vs. Meritage Homes Corporation et.al.*, civil action no. 3:10-cv-00605 is a Fair Labor Standards Act ("FLSA") case filed in the Southern District of Texas in 2010. Plaintiffs, a group of former salespersons for Meritage Homes Corporation ("Meritage"), contended that the company had improperly classified them as "outside salesmen" who would be exempt from receiving minimum wage and overtime pay. Consequently, the key issue of the case was determining how much time Meritage salespersons spent in sales activity inside and outside of their sales office model homes.

Defendant, Amy Fisher, is a salesperson for Meritage.  On November 17, 2014, Ms. Fisher gave an oral deposition in the morning and was a trial witness in the afternoon.  Ms. Fisher was under oath during the deposition and at trial, and swore to testify truthfully.  Instead of testifying truthfully, Ms. Fisher willfully and knowingly made several false statements.  Ms. Fisher stated that she left her sales office model home, located at 3611 Bonnie Bend Lane, Katy, Texas 77494, to escort clients to tour model homes outside the sales office model home on at least three occasions on Sunday, November 16, 2014.  Specifically, she stated that she escorted potential clients at approximately 12:30 p.m., between 2:00 and 3:00 p.m., and between 5:00 and 5:30 p.m.  These statements were false because Ms. Fisher did not leave her sales office model home at any time on November 16, 2014 to escort any clients.  Ms. Fisher's false statements were not the result of confusion, mistake, or faulty memory.

Ms. Fisher understood that these false statements were material to the civil trial of *David Lipnicki, et. al. vs. Meritage Homes Corporation et.al.*, civil action no. 3:10-cv-00605.  Ms. Fisher understood that the key issue at trial was determining how much time Meritage salespersons spent inside and outside of their sales office model homes.  She was the only salesperson to testify on behalf of Meritage and understood that any testimony she provided that showed sales activity outside of her model home sales office would benefit her employer, Meritage.  In addition to fabricating outside sales activities on November 16, 2014, Ms. Fisher stated that November 16, 2014 was representative of what she had "typically" done during her twelve-year tenure at Meritage.  Ms. Fisher's fabricated testimony was material to the civil proceeding because it had a natural tendency to influence, and was capable of influencing, the decision of the jury.

During the trial, Ms. Fisher was shown a videotape surveillance of her sales office model home on November 16, 2014.  The videotape confirmed that Ms. Fisher never left her sales office and never showed homes to any clients.  Even after Ms. Fisher was shown this video, she did not recant her false trial testimony or deposition testimony.  Ms. Fisher was also questioned by the presiding U.S. District Judge regarding the number of times she left her sales office model home on November 16, 2014.  She did not recant her false trial testimony or false deposition testimony at that time, or any other time during the trial.

**Breach of Plea Agreement**

16.     If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly

withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

17.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

18.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other

9

documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

20.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22.     If a money judgment is applicable, Defendant agrees to the imposition of a personal money judgment for that amount against her and in favor of the United States of America.  Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, § 853(p) exists.  Defendant agrees to forfeit any of her property, or her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

24.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25.     Defendant consents to the order of forfeiture becoming final as to Defendant

immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

26.     Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

27.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

28.     This written Plea Agreement, consisting of fourteen pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel.  No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement.  Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

29.     Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____ , 2016.

_____
Defendant

11

Subscribed and sworn to before me on _26 February_ , 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____          _____
Julie N. Searle                                              Dan Cogdell
Assistant United States Attorney                Attorney for Defendant
Southern District of Texas
Telephone: 713-567-9000

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| AMY FISHER | § | |
| Defendant | § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____
Attorney for Defendant

2/26/16
Date

13

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me.   My attorney has fully explained and I  understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.   I have read and carefully reviewed every part of this Plea Agreement with my attorney, I understand this Agreement and I voluntarily agree to its terms.

_____          _____
Defendant                                                          Date

14